IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAMALA KATHLEEN DOVEL,** *Plaintiff* <br><br> v. <br><br> **LANCASTER COUNTY et al.,** *Defendants* | Civil No. 24-0467 |

### ORDER

**AND NOW**, this 12th day of May, 2025, upon consideration of the Motion to Dismiss filed by Defendants Lancaster County and Warden Cheryl Steberger (ECF No. 21), Plaintiff's Response, and Defendants' Reply, it is hereby **ORDERED** that Defendants' motion is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants' Motion is **GRANTED** as to the claims brought against Warden Steberger (Counts IV, VII, and VIII). Plaintiff's Section 1983 *Monell* claim, Wrongful Death claim, and Survival Act claim against Warden Steberger are **DISMISSED** without prejudice.[1]

---

[1] Plaintiff has sued Warden Steberger in her official capacity. ECF No. 16 at ¶ 9. However, Plaintiff's Section 1983 *Monell* claim against Warden Steberger is duplicative of Plaintiff's Section 1983 *Monell* claim against Lancaster County. *See, e.g.*, *Argott v. Lackawanna Cnty.*, Civil No. 22-CV-00164, 2023 WL 4485086, at *16 (M.D. Pa. Feb. 6, 2023), *adopted by* No. 22-CV-164, 2023 WL 4471567 (M.D. Pa. July 11, 2023) (dismissing official capacity suit against warden without prejudice because the claim was "redundant of the claims against the County"). Accordingly, this claim will be dismissed. Because the Court is dismissing Plaintiff's only independent claim against Warden Steberger, the Court will also dismiss the derivative Wrongful Death and Survival Act claims against her. *See, e.g.*, *White v. City of Vineland*, Civil No. 16-8308, 2018 WL 4583509, at *8 (D.N.J. Sept. 24, 2018) ("Claims of 'survivorship' or 'wrongful death' are 'derivative' and therefore must be dismissed when the underlying claims have been dismissed" (quotation omitted)).

2. Defendants' Motion is **DENIED** as to the Count IV, Count VII, and Count VIII claims brought against Lancaster County.[2]

**IT IS FURTHER ORDERED** that Plaintiff has leave to amend her complaint to add "Correctional Officers John/Jane Doe #'s 1–10" to Count I.[3] Plaintiff shall file her amended complaint, if any, within 14 days of the date of this Order.

**BY THE COURT:**

_____
MARY KAY COSTELLO, J.

---

[2] The Court is denying Defendants' motion to dismiss Plaintiff's Section 1983 *Monell* claim because Plaintiff has alleged sufficient facts to proceed to discovery. Specifically, Plaintiff has alleged: (1) that the prison's correctional officers and PrimeCare Medical, Inc. Defendants violated Mr. Reardon's constitutional rights; (2) that Lancaster County had a policy or custom of not placing inmates on suicide watch to save the County money; and (3) that there is a pattern of other similar constitutional violations or that the risk of a violation was "so obvious" that the County could be liable for failing to train its employees. *See* ECF No. 16 at ¶¶ 26, 41–46, 55–57, 96–101; *see also Argott*, 2023 WL 4485086, at *16–17 (prison can be responsible for its medical provider's policies); *Carroll v. Lancaster Cnty.*, 301 F. Supp. 3d 486, 501–04 (E.D. Pa. 2018) (medical employees can be liable for failing to place inmate on suicide watch despite answers to intake questions); *McCracken v. Fulton Cnty.*, Civil Action No. 19-CV-1063, 2020 WL 2767577, at *9 (M.D. Pa. May 28, 2020) (pleading prison had policy or custom of failing to provide adequate care for suicidal inmates to save money is sufficient to survive motion to dismiss).

The Court is also denying Defendants' motion to dismiss Plaintiff's wrongful death and survival claims against Lancaster County because the Political Subdivision Tort Claims Act's sovereign immunity does not bar Section 1983 claims brought through Pennsylvania's wrongful death and survival statutes. *See, e.g.*, *Maldet v. Johnstown Police Dep't*, Case No. 19-cv-325, 2019 WL 2435869, at *6–7 (W.D. Pa. June 11, 2019).

[3] Defendants do not argue that they will be prejudiced if the Court grants Plaintiff leave to amend the complaint. *See* ECF No. 23 at 2–3; *Mullin v. Balicki*, 875 F.3d 140, 150 (3d Cir. 2017) ("[P]rejudice to the non-moving party is the touchstone for the denial of an amendment" (quotation omitted)). Therefore, the Court grants Plaintiff leave to amend. *See* FED. R. CIV. P. 15(a)(2) (noting the Court should "freely give" leave to amend "when justice so requires").