## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **TAMALA KATHLEEN DOVEL, Administrator** of the Estate of PAUL WILLIAM REARDON, <br>     *Plaintiff,* <br><br>                **v.** <br><br> **LANCASTER COUNTY, et al.,** <br>     *Defendants.* | **Civil No. 24-0467** |

### MEMORANDUM

**Costello, J.**                                                      **December 2, 2025**

Plaintiff Tamala Kathleen Dovel brought this action as administrator of the estate of her deceased son, Paul William Reardon ("Decedent"). ECF No. 32 ¶¶ 4-5. She alleges that Decedent committed suicide due to opiate withdrawal while he was a pretrial detainee at a detention facility operated by Defendant Lancaster County. *Id.* ¶¶ 29-30, 76-91. Plaintiff contends that the medical staff and corrections officers who performed Decedent's intake should have known that his active and ongoing opiate withdrawal made him particularly vulnerable to suicide and should have placed him on suicide watch. *Id.* ¶ 37. She brings several state and federal claims, including under 42 U.S.C. § 1983 for deliberate indifference to the substantial risk of harm to Decedent by failing to put him on suicide watch. *See id.* ¶¶ 92-97. The corrections officer defendants now move to dismiss all claims against them as barred by the applicable statute of limitations. For the reasons that follow, the Court will grant their motion.

### I.      FACTUAL & PROCEDURAL BACKGROUND

Plaintiff filed suit on February 5, 2022, initially naming only the County, unidentified medical providers, and unidentified corrections officers John/Jane Does #1-10 as defendants. *See generally* ECF No. 1. On June 4, 2025, Plaintiff filed an amended complaint identifying, for

the first time, the corrections officers as named defendants—Correctional Officer Ferstlee, Correctional Officer Weaver, Correctional Officer Nickolas, Correctional Officer McKuster, Major Chirichello, Lieutenant Beatty, Captain Jenkins, Sergeant Kipe, and Sergeant Mengisteab ("Moving Defendants"). *See generally* ECF No. 29 (amended complaint filed on June 4, 2025); ECF No. 32 (corrected amended complaint filed on June 18, 2025). Moving Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Moving Defendants argue that the claims against them are barred by the two-year statute of limitations for Section 1983 claims. *See generally* ECF No. 39. They contend that Plaintiff's claims accrued on February 1, 2022, the day Decedent committed suicide, which would put the end of the statute of limitations period on February 1, 2024—over a full year prior to the date Moving Defendants were first named in the amended complaint. *Id.* at 5-6. They further argue that Plaintiff cannot overcome the time bar on her claims because her naming of Moving Defendants does not "relate back" to the original filing of the action under Federal Rule of Civil Procedure 15(c). *Id.* at 8-12.

Plaintiff raises two arguments in response. First, that "good cause" exists to extend the relation-back period to encompass the naming of Moving Defendants in the amended complaint because she did not—and could not—have known the names of those officers until she received that information in discovery. ECF No. 42 at 10-13. Second, that certain Moving Defendants have supervisory responsibilities such that they share an identity of interest with the County, which should have put them on constructive notice of the action. *See* ECF No. 42 at 14-15.

## II.    LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads facts sufficient to support a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  A defendant may raise a statute of limitations defense in a Rule 12(b)(6) motion if "the time alleged in the statement of the claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotations omitted).  The time bar must be "apparent on the face of the complaint." *Id.* (internal quotations omitted).

## III.    DISCUSSION

### A.    Defendants' Statute of Limitations Defense

The statute of limitations period for a Section 1983 claim brought in Pennsylvania is two years. *Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir. 1985) (citing 42 Pa. Const. Stat. Ann. § 5524).[1]  The limitations period begins when the plaintiff "knows or has reason to know of the injury which is the basis of the [S]ection 1983 action." *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).  Plaintiff's Section 1983 claims accrued on the date that Decedent attempted suicide—February 1, 2022—since that is the date Plaintiff had reason to know of the

---

[1] In addition to the Section 1983 claims for deliberate indifference (Count I) and supervisory liability (Count III), Moving Defendants are also named in the Pennsylvania Survival Statute and wrongful death claims (Counts V and VII).  ECF No. 32 ¶¶ 92-97, 104-11, 131-32.  Moving Defendants do not explicitly address the state-law claims in their motion, but the statutes of limitations for the state-law claims are also two years, so the Court will apply the same analysis to all claims against them.  *See* 42 Pa. Const. Ann. § 5524(2) (two-year statute of limitations for wrongful death and survival actions).

injury.  *See* ECF No. 39 at 8; *see Genty*, 937 F.2d at 919.  The limitations period for these claims thus expired on February 1, 2024.  This is clear from the "face of the complaint." *Robinson*, 313 F.3d at 135.

Naming a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant.  *Talbert v. Kelly*, 799 F.2d 62, 66 n.1 (3d Cir. 1986).  Rather, "[r]eplacing the name John Doe with a real party's name amounts to the changing of a party or the naming of a party under Rule 15(c), and thus the amended complaint will relate back only if the three conditions specified in that rule are satisfied." *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003).

Plaintiff here named the John and Jane Doe defendants (Moving Defendants) for the first time in the amended complaint filed on June 4, 2025.  *See generally* ECF No. 29.  That filing date well exceeds the end of the two-year limitation period on Plaintiff's Section 1983 claims (February 1, 2024).  Plaintiff's claims are accordingly barred by the statute of limitations unless she can establish that the addition of Moving Defendants "relates back" to the original complaint under Federal Rule of Civil Procedure 15(c).  *See Garvin*, 354 F.3d at 220.

### B.    Relation Back Under Rule 15(c)

"[T]he relation-back doctrine under Rule 15(c) allows a court to treat a later-filed amended pleading as if it had been filed at the time of the initial pleading." *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 344 (3d Cir. 2021).  Relation back thus "ameliorate[s] the running of the statute of limitations[.]" *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001).  This applies to an amended pleading that "changes the party or the naming of the party against whom a claim is asserted[.]"  Fed. R. Civ. P. 15(c)(1)(C).

To establish relation back under Rule 15(c) after naming a party in an amended pleading, a plaintiff must show that "(1) the claim or defense set forth in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading; (2) within the time period provided in Rule 4(m), the party or parties to be added received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) the party sought to be added knew that, but for a mistake concerning his or her identity, he or she would have been made a party to the action." *Garvin*, 354 F.3d at 222.

Plaintiff satisfies the first prong, as her claims against Moving Defendants arose out of Decedent's suicide as a pretrial detainee—the same "conduct, transaction or occurrence" set forth in her initial complaint. Fed. R. Civ. P. 15(c)(1)(B); *Garvin*, 354 F.3d at 222.

The parties disagree about whether the second prong—notice to the parties—is satisfied. There are two ways to satisfy the notice requirement, which requires compliance with Federal Rule of Civil Procedure 4(m). First, a plaintiff can show that a newly added defendant received actual or constructive notice within the 90-day period set forth in Rule 4(m). Second, Rule 4(m) provides that a district court must extend the time for service "if the plaintiff shows good cause for the failure" to serve within the 90-day period. Fed. R. Civ. P. 4(m). Thus, a plaintiff can also satisfy the notice requirement of Rule 15(c) if they establish good cause for the failure to serve the newly named defendants within the 90-day period after the initial complaint was filed. *See Moore v. Walton*, 96 F.4th 616, 623-25 (3d Cir. 2024) (clarifying that Rule 15(c)'s reference to the Rule 4(m) service period "encompasses the mandatory good cause extension provision").

Plaintiff here argues that she satisfies the notice requirement in both ways and raises two arguments. First, that good cause exists under Rule 4(m) for the Court to extend the period to serve Moving Defendants because she did not and could not have known their identity prior to

receiving that information in discovery.  ECF No. 42 at 10-13.  Second, that the Moving

Defendants with supervisory responsibilities had constructive notice of the original suit because

they share an identity of interest with Lancaster County such that service on the County was

sufficient.  *Id.* at 13-15.  Both arguments fail.

### C.    Good Cause

To demonstrate "good cause" under Rule 4(m), "a plaintiff must demonstrate good faith

and some reasonable basis for noncompliance within the time specified in the rules."  *Moore*, 96

F.4th at 627-28 (internal quotations omitted).  Courts consider three factors when evaluating

whether good cause exists: "(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the

defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time

to serve."  *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.

1995).  This standard is synonymous with the concept of "excusable neglect" under Federal Rule

of Civil Procedure 6(b)(2), "which requires a demonstration of good faith on the part of the party

seeking an enlargement[.]"  *Id.* (internal quotations omitted).  Taking each "good cause" factor in

turn, they weigh against extending the service period here.

<u>Reasonableness of Plaintiff's Efforts</u>.  As Plaintiff points out, she "was not incarcerated

with Decedent," and therefore "does not have firsthand knowledge of the identity of every prison

official who encountered Decedent."  *See* ECF No. 42 at 11.  She made reasonable and diligent

efforts to seek discovery about the individual officers' identities sooner than was required by the

Federal Rules.  *See id.* (detailing Plaintiff's efforts to arrange early discovery while motion to

dismiss initial complaint was pending).  Plaintiff also acted reasonably and diligently when she

filed an amended complaint naming Moving Defendants just thirteen days after she received the

discovery identifying them.  *Id.*

But Plaintiff did not make efforts to identify their names *prior* to filing her lawsuit. Compare to the plaintiff in *Moore*, who attempted to ascertain the relevant officer's identity prior to initiating the action. 96 F.4th at 620. Plaintiff also waited until the very end of the limitations period to file suit. *See* ECF No. 47 at 4 (noting that Plaintiff filed action on the last day before the statute of limitations expired). Plaintiff's delay in filing the original action and failure to attempt to identify Moving Defendants prior to filing undercut her position that she acted reasonably—even if she was acting in good faith. *See MCI Telecommunications Corp.*, 71 F.3d at 1097. Thus, this factor weighs against finding good cause to extend the service period.

<u>Prejudice to Defendants.</u>  Plaintiff argues that Moving Defendants will not be prejudiced by extending the service period because discovery is in its nascent stages, so Moving Defendants "will have the benefit of the same discovery period as every other named party." ECF No. 42 at 11. Moving Defendants claim that they will be prejudiced because none of them had "any reason to believe they would be involved in this lawsuit and did not receive notice of the lawsuit until June 2025[.]" ECF No. 47 at 4.

Defendants have the better argument. The question is not, as Plaintiffs suggest, whether Moving Defendants will be behind on discovery vis-à-vis the other parties. Rather, "[s]tatutes of limitations exist to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds." *Statute of limitations*, Def. Against a Prima Facie Case § 1:18 (Rev. ed.). They also protect against defendants experiencing undue surprise when they could not have anticipated or prepared for litigation to be commenced against them. *See* Wright & Miller, *Standard for Determining When Amendments Relate Back—In General*, 6A Fed. Prac. & Proc. Civ. § 1497 (3d

ed.) (citing cases where courts considered whether addition of defendant would "take defendant by surprise" in relation-back analysis under Rule 15(c)).

The addition of Moving Defendants three years after the events giving rise to this action would prejudice them. There is no evidence to suggest that Defendants "had information as to the correct names of prison employees but withheld that information from the plaintiff until the statute of limitations had expired." ECF No. 47 at 5. Thus, their addition at this late juncture has taken them by surprise, and they may experience difficulties defending against the claims because the evidence is likely not "fresh in their minds." *See Statute of limitations*, *supra*; Wright & Miller, *Standard for Determining When Amendments Relate Back—In General*, *supra*. These circumstances differ greatly from those in *Moore*, where a *pro se* plaintiff identified the relevant prison official but misspelled his name, and the government defendant demonstrated a "willful failure to provide assistance" in correcting the mistake "until after the statute of limitations elapsed." 96 F.4th at 628. Accordingly, this factor weighs against finding good cause.

<u>Moving for Enlargement of Service Period.</u>  Plaintiff makes much of the fact that she requested Court approval to file her Second Amended Complaint, which the parties stipulated to, and the Court granted. *See* ECF Nos. 26, 28. But she never requested, and was never granted, an extension for *service* under Rule 4. Thus, this factor also weighs against finding good cause.

Because each of these factors weighs against a finding of good cause, the Court will not extend the service period under Rule 4.

D.      **Constructive Notice**

Without good cause to extend the service period under Rule 4(m), Plaintiff must satisfy Rule 15's notice requirement by demonstrating that Moving Defendants had actual or constructive notice of the suit within 90 days of the filing of the original complaint.  Plaintiff does not contend that any of the Moving Defendants had actual notice of the suit within this timeframe.  *See generally* ECF No. 42.  "In the absence of actual notice, [Plaintiff] must show that [Moving] Defendants had constructive notice."  *Farrow v. City of Phila.*, 20cv5792, 2021 WL 2778554, at *2 (E.D. Pa. July 1, 2021).

Constructive notice under Rule 15(c) can be established in two ways: "the 'shared attorney' method and the 'identity of interest' method."  *Id.* (citing *Garvin*, 354 F.3d at 222-23). Plaintiff here proceeds exclusively under the latter method.  *See* ECF No. 42 at 13-15 (arguing only that constructive notice may be imputed via identity of interest).

"Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."  *Garvin*, 354 F.3d at 223 (internal quotations omitted).  Under this test, "absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes."  *Singletary*, 266 F.3d at 200.

The Third Circuit and the Eastern District have repeatedly held that rank-and-file police and corrections officers are non-management employees and lack identity of interest with their government defendant employers absent some other indication that imputation of notice would be appropriate.  *See, e.g., Garvin*, 354 F.3d at 227 (four newly named defendant police officers

lacked identity of interest with original defendant, the City of Philadelphia, because they were non-management employees without high rank in City hierarchy) (citing *Singletary*, 266 F.3d at 200); *Farrow*, 2021 WL 2778554, at *3 (plaintiff did not establish constructive notice where he "provided no evidence" that individual police officer without supervisory responsibilities shared identity of interest with government defendant); *Durham v. Mouzone*, 20cv3944, 2021 WL 5163204, at *6 (E.D. Pa. Nov. 4, 2021) (plaintiff offered no facts showing that individual police officers were "non-managerial, civilian employees" sufficient to impute notice under shared interest theory); *Martin v. City of Reading*, 12cv03665, 2015 WL 390611, at *8 (E.D. Pa. Jan. 29, 2015) (constructive notice lacking where complaint was amended to name individual officer defendants but plaintiff failed to proffer any circumstances under which notice could be imputed to them).

This caselaw flatly precludes a finding of constructive notice for all the Moving Defendants whom Plaintiff did not allege have any managerial or supervisory responsibilities. Those Defendants are Ferstlee, Weaver, Nickolas, and McKuster. *See* ECF No. 32 ¶¶ 9-12. Plaintiff alleges that the remaining Moving Defendants have supervisory responsibilities. *See id.* ¶¶ 13-22 (alleging that Chirichello, Beatty, Jenkins, Kipe, and Mengisteab were "responsible for training and supervising correctional officers at the Prison, including the named Correctional Officer Defendants").

The Court must take Plaintiff's allegations that these Moving Defendants had supervisory responsibilities as true. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citing *Iqbal*, 556 U.S. at 679) (court must accept as true all "well-pleaded factual allegations" at motion to dismiss stage). But "[e]ven applying supervisory status" to these Moving Defendants, "notice of suit cannot be imputed to them by Plaintiff's timely naming [the County.]" *Jackson v.*

*City of Phila.*, 16cv3892, 2019 WL 883989, at *5 (E.D. Pa. Feb. 22, 2019). Constructive notice cannot be imputed to an officer under the "identity of interest" method by sheer virtue of his or her supervisory role. *See Hiscock v. City of Phila.*, 12cv2204, 2013 WL 686350, at *6 (E.D. Pa. Feb. 26, 2013) (rejecting argument that notice can be imputed to police officer by virtue of his supervisory role) (citing *Buchanan v. West Whiteland Twp.*, 08cv0462, 2008 WL 4613078, at *2 (E.D. Pa. Oct. 15, 2008)). Rather, there must be some indication that the officer has a sufficiently close relationship with his or her government employer to conclude that the officer's interests as an employee are identical to those of the employer. *Id.*; *accord Jackson*, 2019 WL 883989, at *5; *Weston v. City of Phila.*, 09cv3239, 2011 WL 3495983, at *4 (E.D. Pa. Aug. 9, 2011).

Plaintiff offers no such facts here. *See* ECF No. 42 at 13-15. Her bare assertion that some Moving Defendants were responsible for the training and supervision of other officers is insufficient. Moving Defendants, even the ones with supervisory roles, are all rank-and-file officers with the County, ranging in superiority from Sargeant to Captain. *See* ECF No. 32 ¶¶ 13-22 (alleging that all Moving Defendants with supervisory roles are Corrections Officers, Sergeants, or Lieutenants, except for Jenkins, who is a Captain).[2] As "mid-level employees of one of many" departments in Lancaster County, Moving Defendants are "'not highly enough placed in the [County] hierarchy . . . to conclude that [their] interests . . . as employee[s] are identical to the [County's] interests.'" *Jackson*, 2019 WL 883989, at *5 (quoting *Singletary*, 266

---

[2] It is possible that Captain Jenkins may be differently situated than the other Moving Defendants since he is a higher-ranking Captain. But Plaintiff has not pleaded any facts differentiating Captain Jenkins as having more supervisory or management responsibilities. Rather, she describes his duties using the same language as the rest of Moving Defendants—i.e., "responsible for training and supervising correctional officers at the Prison[.]" ECF No. 32 ¶ 18.

F.3d at 199).  Thus, the Court finds that these officers did not have constructive notice of this action at the time the original complaint was filed.

**IV.    CONCLUSION**

Because Plaintiff named Moving Defendants after the statute of limitations on her claims expired, and because she cannot show that the addition of Moving Defendants relates back to the original filing of the action under Rule 15(c), the Court will dismiss all claims against Moving Defendants.  An appropriate Order will follow.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge